UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
BEAZLEY INSURANCE COMPANY, INC.,        :
                                        :
                                        :   15-cv-5119 (JSR)
        Plaintiff,                      :
                                        :   ORDER
        -v-                             :
                                        :
ACE AMERICAN INSURANCE COMPANY, et al.  :
                                        :
        Defendants.                     :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

   This insurance dispute arises out of an underlying class action (the "Facebook Class Action") that was filed against NASDAQ in the aftermath of the troubled Facebook IPO on behalf of a putative class of persons "that entered pre-market and aftermarket orders to purchase and/or sell the common stock of Facebook on May 18, 2012 in connection with Facebook's IPO, and who suffered monetary losses as a result of [NASDAQ's] alleged wrongdoing." Compl., Ex. A., ECF No. 2-1 at ¶ 314.

   Plaintiff Beazley Insurance Company, Inc. ("Beazley"), the first-layer excess errors and omissions insurer of NASDAQ, brings this action against defendant ACE American Insurance Company ("ACE") and defendant Illinois National Insurance Company ("INIC"), NASDAQ's primary and first-layer excess D&O insurers respectively, in connection with defendants' denial of coverage for the Facebook Class Action on the basis of a policy exclusion for "that portion of Loss on account of any Claim . . . by or on behalf of a customer or

1

client of [NASDAQ], alleging, based upon, arising out of, or attributable to the rendering of or failure to render professional services." Def.'s Local Rule 56.1 Statement, ECF No. 36 at ¶¶ 14, 60 (emphases removed). On July 31, Beazley moved for partial summary judgment on its first cause of action as against ACE, seeking a declaratory judgment that NASDAQ is entitled to defense costs coverage from ACE. Simultaneously, ACE and INIC moved to dismiss the complaint in its entirety and based largely on the same arguments. Having reviewed the parties' submissions and heard oral argument, the Court now rules as follows.

Plaintiff's motion for partial summary judgment on its first cause of action is granted because it is reasonable to interpret the term "customer[s] or client[s] of [NASDAQ]," within the meaning of the policy exclusion on which ACE relies to disclaim coverage, to exclude the retail investors on whose behalf the Facebook Class Action was brought. ACE is thus obligated to provide defense costs coverage to NASDAQ in connection with NASDAQ's defense of the Facebook Class Action and pursuant to the D&O policy.

Plaintiff's third, fourth, and fifth causes of action against INIC are dismissed without prejudice as unripe because INIC's coverage obligations "attach . . . only after the Total Underlying Limits [under ACE's policy] have been exhausted through payments by, on behalf of or in the place of [ACE] of amounts covered under the [ACE D&O policy]," Compl., Ex. E, ECF No. 2-5 at 6 (emphases removed), which plaintiff does not adequately plead has yet

2

occurred. Plaintiff's first and second causes of action against INIC for declaratory relief are not dismissed, however, since there is an "actual controversy" between the parties sufficient to invoke the Declaratory Judgment Act. 28 U.S.C. § 2201(a).

Plaintiff's third cause of action for "implied/common law indemnity" is dismissed with prejudice because the Court finds that the claim is not cognizable under New York law under the circumstances of this case.

Defendants' motions to dismiss are otherwise denied.

A memorandum explaining the reasons for these rulings will issue in due course.

The Clerk of the Court is directed to terminate the motions at docket numbers 20, 27, and 31 of this action.

SO ORDERED.

Dated: New York, NY
October 20, 2015

JED S. RAKOFF, U.S.D.J.