

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
BEAZLEY INSURANCE COMPANY, INC.,

               Plaintiff,

-against-

ACE AMERICAN INSURANCE COMPANY,
and ILLINOIS NATIONAL INSURANCE
COMPANY,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Civil Action No.: 1:15-cv-05119-JSR

**JOINT STIPULATION AND [PROPOSED] ORDER FOR ENTRY OF JUDGMENT PURSUANT TO FRCP 54(b)**

IT IS HEREBY STIPULATED AND AGREED by and between the parties, through their undersigned counsel, as follows:

1. By Order dated July 12, 2016, this Court (1) denied Beazley's motion for partial summary judgment; (2) granted ACE's motion for summary judgment on Beazley's second and fourth causes of action; (3) denied ACE's motion for summary judgment as to Beazley's fifth cause of action for breach of contract; and (4) granted INIC's motion for summary judgment in its entirety. [Dkt. No. 99.]

2. The Court's July 12, 2016 Order resolved all of Beazley's remaining claims that were asserted against INIC, and directed the Clerk of the Court to terminate INIC from this action. [Dkt. No. 99, pp. 33-34.]

3. As a result of the July 12, 2016 Order, Beazley's only remaining claim in this action is its fifth cause of action for breach of contract against ACE. This Court stated in its July 12, 2016 Order that, "[a]t trial, Beazley will not be permitted to re-litigate arguments that have been rejected in this Opinion and Order or to introduce new theories of liability." [*Id.*]

28826544

4. Beazley has determined that trial on the sole remaining claim would not be economical unless conducted in conjunction with a trial on the other amounts that Beazley sought in its now-dismissed claims.

5. Beazley has indicated that it will appeal the July 12, 2016 decision of the Court.

6. The parties agree that they will not be prejudiced by a delay from the appellate review.

7. For these reasons, there is no just reason to delay appellate review of the claims already decided by this Court's July 12, 2016 Order.

WHEREFORE, the parties respectfully request that the Court issue a Rule 54(b) Certification at this time, finding that there is no just reason for delay, and directing the entry of final Judgment, in accordance with this Court's July 12, 2016 Order.

Dated: July 25, 2016

By: _____

Daniel W. London
dlondon@londonfischer.com
LONDON FISCHER LLP
59 Maiden Lane, 39th Floor
New York, New York 10038

Attorneys for Defendant ACE American Insurance Company

By: _____

Kevin F. Kieffer (admitted *pro hac vice*)
kevin.kieffer@troutmansanders.com
Ryan Tuley (admitted *pro hac vice*)
ryan.tuley@troutmansanders.com
TROUTMAN SANDERS LLP
5 Park Plaza, Ste. 1400
Irvine, CA 92614

Attorneys for Plaintiff Beazley Insurance Company, Inc.

IT IS HEREBY ORDERED that:

1. Based on the Stipulation of the parties and the record of this action, the Court finds that this action involves multiple claims by Beazley Insurance Company, Inc. ("Beazley") against multiple parties (ACE American Insurance Company ("ACE") and Illinois National Insurance Company ("INIC")). All of Beazley's claims against INIC, and all of Beazley's claims against ACE, except for its fifth cause of action for breach of contract, have been finally decided within the meaning of 28 U.S.C. § 1291.

2. This Court certifies, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in the entry of a separate final judgment with respect to all of Beazley's causes of action asserted against INIC, and Beazley's first cause of action for declaratory relief, second cause of action for declaratory relief, third cause of action for implied/common law indemnity, and fourth cause of action for contribution asserted against ACE.

3. The Court expressly determines that there is no just reason to delay appellate review. The sole remaining issue for trial – the amount of unreimbursed attorneys' fees and costs reasonably incurred by NASDAQ in defending the Facebook Class Action in excess of $2 million – is separable and extricable from the claims that have already been finally decided. Appellate review by the Second Circuit will concern the most significant issue involved in this litigation – the interpretation of the ACE D&O Policy's professional services exclusion – an issue this Court decided in the July 12, 2016 Order. Appellate review by the Second Circuit will save significant resources and promote judicial economy by allowing the parties to move forward in this litigation without an expensive trial solely on the issue of the amount of NASDAQ's unreimbursed defense costs in excess of $2 million. The parties agree that they will not be prejudiced by a delay from the appellate review. For these reasons, there is no just reason to delay appellate review of the claims already decided by this Court's October 20, 2015 and July 12, 2016 Orders.

4.  The Clerk is directed to enter Judgment in accordance with the Court's October 20, 2015 Order and July 12, 2016 Order. In particular, Judgment should be entered against Beazley and in favor of INIC on all of Beazley's causes of action asserted against INIC, and against Beazley and in favor of ACE on Beazley's second cause of action for declaratory relief, third cause of action for implied/common law indemnity, and fourth cause of action for contribution asserted against ACE. Judgment should be entered in favor of Beazley on Beazley's first cause of action for declaratory relief asserted against ACE, consistent with the Courts' October 20, 2015 Order and July 12, 2016 Order.

5. Trial of the remaining claim is stayed pending further order of the Court.

SO ORDERED.

Dated: 7/28/16

Hon. Jed S. Rakoff
United States District Judge

-4-